ORDERED.

Dated: March 08, 2021

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| ADALUZ ROJAS DE BAUER, | ) Case No. 6:20-bk-04228-KSJ |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

**MEMORANDUM OPINION
SUSTAINING TRUSTEE'S OBJECTION TO
DEBTOR'S CLAIMED FLORIDA HOMESTEAD EXEMPTION**

The issue is whether the Debtor may claim a Florida homestead exemption when neither she nor any family member residing in the home are legally permitted to permanently reside in the United States. Concluding the answer is "no," the Court will sustain the objection filed by the Chapter 7 Trustee.[1]

Adaluz Rojas De Bauer, who filed this Chapter 7 bankruptcy case on July 28, 2020,[2] is not a citizen of the United States. On her bankruptcy schedules, she discloses a home (the "Home"), which she has owned for over twenty years.[3] She values her

---

[1] Lori Patton, the Chapter 7 Trustee, timely filed her Objection to Property Claimed as Exempt on October 27, 2020. Doc. No. 13. Debtor filed a Response. Doc. No. 17. At the hearing, held on December 9, 2020, the parties agreed the facts are not disputed.
[2] Doc. No. 1.
[3] The Home is located at 20324 Mardi Gras Street, Orlando, Florida. Doc. No. 1, Schedule A, p. 10.

50% interest in the Home at $148,500 and claims $36,177.08 of her interest as exempt homestead.[4]

Debtor resides in the Home with her adult daughter and possibly other family members. The parties agree no one living at the Home when this bankruptcy was filed has the legal right to permanently reside in the United States. Debtor's daughter, however, arrived in the United States as a minor and *perhaps* one day may obtain permanent residency under the Deferred Action for Childhood Arrivals program ("DACA").

The Florida Constitution protects a debtor's homestead from forced sale.[5] "[T]he homestead character of a property depends upon an actual intention to reside thereon as a permanent place of residence, coupled with the fact of residence."[6] A debtor's homestead exemption claim is presumptively valid.[7] Courts have emphasized that Florida's "homestead exemption is to be liberally construed in the interest of protecting the family home."[8] "Any challenge to the homestead exemption claim places a burden on the objecting party to make a strong showing that the Debtor is not entitled to the claimed exemption."[9]

---

[4] Doc. No. 9, pp. 3 and 9. The homestead exemption is established by Article X, Section 4(a)(1) of the Florida Constitution and §§222.01 and 222.02 of the Florida Statutes. Debtor asserts the Home is encumbered by a mortgage, but she is not on the mortgage. Therefore, the approximately $36,000 claimed as exempt is equal to the Debtor's 50% interest in Home's *equity* not encumbered by the mortgage.
[5] Fla. Const. art. X, §4.
[6] *In re Harle*, 422 B.R. 310, 314 (Bankr. M.D. Fla. 2010) (quoting *In re Bennett*, 395 B.R. 781, 789 (Bankr. M.D. Fla 2008)).
[7] *Colwell v. Royal Int'l Trading Corp. (In re Colwell),* 196 F.3d 1225, 1226 (11th Cir.1999).
[8] *Havoco of Am., Ltd. v. Hill*, 709 So.2d 1018, 1021(Fla. 2001).
[9] *In re Franzese*, 383 B.R. 197, 202–03 (Bankr. M.D. Fla. 2008). *See also Trustee v. Robert Laing (In re Laing)*, 329 B.R. 761, 770 (Bankr. M.D. Fla. 2005); *In re Harrison*, 236 B.R. 788, 790 (Bankr. M.D. Fla. 1999).

"Homeowners seeking to qualify for the homestead exemption must meet *both* an objective and subjective test. First, they must actually use and occupy the home. Second, they must express an actual intent to live permanently in the home."[10]

Debtor meets the first objective test. She consistently has resided at the Home since 1999. Debtor, however, fails the second subjective test.

Due to her immigration status, Debtor cannot form an *actual* intent to live permanently in the Home. She is not a legal resident of the United States. Courts uniformly hold homeowners who lack permanent resident status in the United States cannot claim a homestead exemption under Florida law because they subjectively cannot formulate an intent to live here forever.[11]

A few courts have extended the right to claim Florida homestead protection, however, when the debtor has family members residing at the claimed homestead who are legally authorized to permanently reside in the United States. In *Oyola*, for example, the Bankruptcy Court allowed a similar debtor to claim Florida's homestead exemption when she lived with her adult daughter with a permanent residency immigration status and her granddaughter who was a United States citizen.[12] In *Grisolia*, the Florida Third District Court of Appeals allowed a family to claim homestead protection based on the temporary visa held by the homeowners (who had applied for permanent status), and their son, who resided with them, was a US

---

[10] *In re Harle*, 422 B.R. 310, 314 (Bankr. M.D. Fla. 2010).
[11] *In re Fodor*, 339 B.R. 519, 522 (Bankr. M.D. Fla. 2006); *In re Walter*, 230 B.R. 200 (Bankr. S.D. Fla. 1999); *In re Boone,* 134 B.R. 979 (Bankr. M.D. Fla. 1991); *In re Gilman*, 68 B.R. 374 (Bankr. S.D. Fla. 1986); *Cooke v. Uransky* (*In re Cooke)*, 412 So.2d 340 (Fla. 1982); *Raheb v. DiBattisto*, 513 So.2d 717 (Fla. 3rd DCA 1987). *See also In re Levy*, 221 B.R. 559, 567 (Bankr.S.D.Fla.1998) ("Non-immigrant aliens in the United States on temporary rather than permanent visas are incapable of formulating the requisite intent to establish permanent residence").
[12] *In re Oyola*, 571 B.R. 874, 878-879 (Bankr. M. D. Fla. 2017).

citizen.[13] Here, neither the Debtor nor her daughter have any similar "hook" to argue legal permanent residency status.

Neither the Debtor, her daughter, nor any family member residing at the home is a US citizen or legally can claim permanent residency status. Rather, Debtor argues her daughter one day may qualify for "dreamer" status under DACA because she arrived in the United States as a minor relying on the decisions of *Mendoza* and *Solis*.[14] In *Mendoza* and *Solis*, both immigrants were allowed benefits under Florida law when, instead of a "green card" allowing permanent residency, they had arrived lawfully in the United States under temporary visas, promptly had applied for political asylum status, and had the intent to permanently reside in the United States. There, the immigrants had made a formal legal request to permanently reside in the United States and were just awaiting a decision. Although they lacked a green card and an answer to their application, they demonstrated sufficient indicia to allow them to acquire a quasi- permanent legal residency status.

Such is not the case here. Nothing in the record indicates the Debtor, her daughter, or any family member has any *permanent* residency status. Even Debtor's lawyer indicates she is in the United States for an "indefinite period of time."[15] For the Debtor to formulate an actual subjective intent to permanently reside in her Home and claim it exempt under Florida law, at least one family resident in the Home must have

---

[13] *In re Grisolia*, 77 So.3d 732, 736 (Fla. 3d DCA 2011).
[14] *In re Mendoza*, 597 B.R. 686 (Bankr. S.D. Fla. 2019)(Debtor entitled to exempt personal property under applicable federal exemptions when he had applied for political asylum and was awaiting a decision.); *Department of Health and Rehabilitative Services v. Solis*, 580 So.2d 146 (Fla. 1991)(Individual who applied for political asylum, is eligible for AFDC benefits as one permanently residing in the United States under color of law).
[15] Doc. No. 17, ¶ 6.

the *current* legal status of a permanent resident in the United States. Debtor has failed to meet this test.

The Trustee's Objection to Exemptions[16] is sustained. Trustee may administer the Home. Out of a sense of equity and fairness, however, the Court asks the Trustee to consider working with the Debtor to find a consensual way to resolve the issues of administration, perhaps through the payment of monies over time, rather than through partition and foreclosure of the Home. A separate order consistent with this Memorandum Opinion shall be entered contemporaneously.

###

Chapter 7 Trustee Lori Patton will serve a copy of this order on all interested parties and file a proof of service within 3 days of entry of the order.

---

[16] Doc. No. 13.